IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY LEE HARDEMON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1646-B |
| | § | |
| HUNT COUNTY SHERIFF'S DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Tommy Lee Hardemon, an inmate in the Hunt County Jail, against the Hunt County Sheriff's Department and various jail employees. On August 29, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire was then sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on September 21, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff accuses a Hunt County jailer, M. James, of tampering with correspondence from the Texas Commission on Jail Standards. When plaintiff attempted to report this incident to the proper authorities, he alleges that two other jailers, Corporal K. Dixon and Sergeant Brunner, intercepted his grievance. As a result, James was never disciplined for opening plaintiff's mail. Plaintiff also complains that he has been denied access to the law library and cannot obtain a copy of his inmate trust account statement. By this suit, plaintiff seeks unspecified damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff alleges that jail officials have tampered with his mail and denied him access to the law library and legal materials. Both claims must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977); *Guajardo v. Estelle*, 580 F.2d 748, 756-57 (5th Cir. 1978) (prisoner has no constitutional interest in non-legal correspondence). Such a right "is founded on the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L. Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S. Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff concedes that jail officials have not interfered with his access to the courts by opening his mail. (*See Spears* Quest. #1). Nor has plaintiff shown that his constitutional rights were violated by restricted access to the law library and legal materials. In support of this claim, plaintiff alleges that he needs "names of people in the legal field that I did need to confide into [sic] for information and some research, legal cards and papers in my property, addresses for some investigative reporters, Dept. of Human Services personal [sic] and people of legal aid." (*Spears* Quest. #3). When asked to explain how he was harmed as a result of his inability to obtain this

information from the law library, plaintiff responded only that he was harmed by "unfair treatment." (*Id.*). Such a conclusory assertion is wholly insufficient to state a constitutional violation. *See Swaissi v. Cotten*, No. 3-01-CV-1607-D, 2002 WL 492905 at *3 (N.D. Tex. Mar. 28, 2002) (Kaplan, J.), *citing See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (inmate must demonstrate that inadequate law library hindered efforts to pursue an actual legal claim).[2]

C.

Plaintiff also complains that jail officials interfered with his right to file a grievance and have refused to give him a copy of his inmate trust account statement. Both claims are without merit. There is no constitutional entitlement to an adequate grievance procedure. *See Hines v. Graham*, 320 F.Supp.2d 511, 520 (N.D. Tex. 2004), *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Although jail authorities may not have given plaintiff a certified copy of his inmate trust account statement, they did provide a document entitled "Inmate Cash Accounting" showing a zero balance in his account. That document was filed with the court on September 13, 2005. Because plaintiff subsequently was granted leave to proceed *in forma pauperis*, he has not been harmed by the inability to obtain a certified copy of his inmate trust account statement.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] Although plaintiff is in the process of appealing a parole revocation, he does not specify any legal materials he needs from the law library in order to prosecute that appeal. (*See Spears* Quest. #4).

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE